IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PGT TRUCKING, INC. | * | CIVIL ACTION - LAW |
| Plaintiff | * | |
| v. | * | JUDGE: Cercone |
| USI SOUTHWEST, INC. | * | |
| Defendant | * | NO: 2:24-cv-248 |

## **NOTICE OF REMOVAL**

NOW COMES the Defendant to this matter, USI Southwest, Inc., ("USI") through counsel Winget Spadafora & Schwartzberg, LLP, and hereby files this Notice of Removal based upon the following:

1. The above-described action was commenced by Plaintiff's filing of a Complaint against Defendant on January 25, 2024, in the Court of Common Pleas of Beaver County. (A true and accurate copy of the Complaint is attached hereto as Exhibit "A.")

2. Besides the Complaint, the only other docket entry for this matter is a case management conference order. (A true and correct copy of the case management conference order is attached hereto as Exhibit "B.")  No other process, pleadings, or orders have been served on USI.

3. The Complaint was served on the undersigned counsel, by agreement to accept service on behalf of USI, at 5:30 p.m. on Wednesday February 7, 2024. (A true and accurate copy of acceptance of service is attached hereto as Exhibit "C.")

4. Plaintiff is a Pennsylvania corporation with its principal place of business in Aliquippa, Pennsylvania. (See Exhibit "A.")

1

5. Defendant USI is a Texas corporation with a principal place of business in Valhalla, New York. (See Exhibit "A.")

6. The amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

7. In this action Plaintiff alleges that its insurance agent, USI, was retained to obtain appropriate insurance coverage for its trucking brokerage business. (See Exhibit "A.") Thereafter, Plaintiff obtained a transportation brokerage insurance policy from Evanston Insurance Company, policy number TBL1643-B02 ("the policy"), with a policy period of June 30, 2020, to June 30, 2021, with the assistance of USI as Plaintiff's insurance agent.

8. On June 1, 2021, a trucking company was hired by Plaintiff to transport cargo and during the transportation an accident occurred in Cape Girardeau, Missouri. (See Exhibit "A.") The accident caused bodily injury to a number of people including Lora Schumer and Nina Marshall. (See Exhibit "A.")

9. Plaintiff was sued in two separate actions in the 32nd Judicial Circuit, Cape Girardeau, Missouri, by Ms. Schumer and Marshall for damages resulting from the accident. (See Exhibit "A.") Ms. Schumer's lawsuit is civil action number 22CG-CC00195 and Ms. Marshall's lawsuit is civil action number 22CG-00245 (the "underlying actions.") (See Exhibit "A.")

10. Plaintiff's insurer denied coverage for these claims on the basis that such claims were excluded by the policy. (See Exhibit "A.")

11. Plaintiff alleges that USI did not obtain appropriate insurance coverage because the policy contained exclusions upon which Evanston based its denial of coverage for the underlying actions asserted by Ms. Shumer and Ms. Marshall. (See Exhibit "A.")

12. In this action, Plaintiff seeks the recovery of the defense costs it is incurring in defending the underlying actions as well as potential indemnity, settlement and/or judgment costs which may result for such actions. (See Exhibit "A.")

13. Plaintiff has also asserted a claim under the Pennsylvania Unfair Trade Practices Act and Consumer Protection Act, 73. P.S. § 201, *et. seq.* and seeks damages under this claim of an amount up to three times the actual damages. (See Exhibit "A.")

14. Plaintiff's Complaint seeks a judgment against USI for in excess of twenty-five thousand dollars exclusive of interest and costs of suit plus costs, fees and treble damages. (See Exhibit "A.") Plaintiff's Complaint stated claim for in excess of $25,000 is trebled to an amount of $75,000 under its Unfair Trade Practices Act and this amount is considered in computing the amount in controversy for purposes of diversity jurisdiction. See, Banks v. Allstate Fire & Cas. Ins. Co., 454 F. Supp. 3d 428, 434 (M.D. Pa. 2020)(noting that treble damages "are properly considered in computing the amount in controversy for purposes of diversity jurisdiction.)

15. The amount in controversy in this action also relates to the amount in controversy in the underlying actions since Plaintiff is alleging that USI is liable to it for the costs it is incurring in defending these actions as well as for any settlement or judgment rendered against it.

16. The amount in controversy in the underlying action relates to the claims Ms. Schumer and Marshall are seeking to recover from Plaintiff which is a defendant in that action. (See Exhibit "D," Schumer Complaint and Exhibit "E," Marshall Complaint.)

17. Ms. Schumer and Marshall are seeking to recover for pain and suffering from injuries sustained in the June 1, 2021, accident. Ms. Schumer alleges injuries to her head, neck and back, left forearm and left elbow, emotional distress and mental anguish. (See Exhibit "D," ¶¶ 158, 163) Ms. Marshall alleges injuries to left arm, left knee, lumbar spine, left leg, left elbow,

3

left hip, left shoulder, right ankle, neck and head, emotional distress and mental anguish from the accident. (See Exhibit "E," ¶¶ 158, 163)

18. Both Ms. Schumer and Marshall are seeking the recovery of medical expenses incurred related to the treatment of injuries sustained in the accident as well as future medical expenses. (See Exhibit "D" and "E," ¶¶ 159, 160) They are also claiming wage loss and diminished wage-earning capacity damages. (See Exhibit "D" and "E" ¶¶ 161, 162)

19. The wherefore clause in the underlying actions indicates they are seeking a sum in excess of $25,000 for each of them separately for a total of $50,000 as well as taxable costs, prejudgment and post-judgment interests and for such other relief the Court deems just and proper under the circumstances. (See Exhibit "D" and "E")

20. The medical expenses Ms. Schumer and Marshall seek to recover in the underlying action alone are in excess of $75,000. According to Ms. Marshall's Answers to Interrogatories dated January 26, 2024 in her underlying case, she has incurred medical expenses of $294,868 related to the accident to date. (See Exhibit "F.") According to Ms. Schumer's Answers to Interrogatories dated January 2024 in the underlying action she has incurred $472,351 of medical expenses related to the accident to date. . (See Exhibit "G.")

21. The nature of the injuries suffered by Ms. Schumer and Marshall and the amount of the medical expenses incurred are only a portion of the amount in controversy in the underlying actions for which Plaintiff seeks recovery in this matter.

22. In sum, the amount in controversy in this action includes:

- Plaintiff's stated claim for in excess of $25,000 trebled to $75,000;
- Ms. Schumer and Marshall's stated claim in the underlying actions in the total amount of $50,000;

- Plaintiff's legal expenses incurred in defending the underlying actions;

- The medical costs incurred by Ms. Schumer and Marshall, which total at least $766,000 for which they seek recovery from Plaintiff in the underlying actions.

- Ms. Schumer and Marshall's claims in the underlying action for lost wages, loss of wage-earning capacity, future medical expenses and future pain and suffering.

23. The total amount of the amount in controversy in the instant matter exceeds the jurisdictional amount to confer federal court jurisdiction for diversity purposes.

24. This court has jurisdiction over this matter pursuant to 28 U.S.C.A. §1332, and the case is removed to this court pursuant to 28 U.S.C.A. §1446(b), in that less than 30 days have passed since Defendant was served with a copy of the initial pleading setting forth the Plaintiff's claim for relief.

25. Written notice of the filing of this Notice of Removal shall be given to all parties as required by 28 U.S.C.A. §1446(b).

26. A true and accurate copy of this Notice of Removal is being filed with the Prothonotary in the Court of Common Pleas of Beaver County, Pennsylvania as required by 28 U.S.C.A. §1446(d).

WHEREFORE, Defendant, USI Southwest, Inc. removes this action to the United District Court for the Western District of Pennsylvania.

Respectfully submitted,
Winget Spadafora & Schwartzberg, LLP

By: /s/ Denis Dice
Denis C. Dice, Esq.
1528 Walnut Street, Ste 1502
Philadelphia, Pa. 19102
dice.d@wssllp.com
P: (215) 433-1500
Counsel for Defendant

5

## **CERTIFICATE OF SERVICE**

The undersigned further certifies that a true copy of the foregoing was served on all parties of record via PACER ECF or through email.

                                                /s/
                                         Denis C. Dice, Esq.
                                         *Counsel for Defendant USI Southwest, Inc.*