# EXHIBIT "A"

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
### Beaver County

| For Prothonotary Use Only: |
|---|
| Docket No: 10116-2024 |

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** PGT Trucking, Inc.

**Lead Defendant's Name:** USI Southwest, Inc.

**Are money damages requested?** [x] Yes [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [x] No

**Is this an *MDJ Appeal*?** [ ] Yes [x] No

**Name of Plaintiff/Appellant's Attorney:** Matthew T. Pisano, Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [x] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

# FORM OF COVER SHEET FOR COMPLAINT

Court of Common Pleas of Beaver County
Civil Division
## Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PGT Trucking, Inc. | USI Southwest, Inc. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 4200 Industrial Blvd, Aliquippa, PA 15001 | 100 Summit Lake Drive, Suite 400, Valhalla, NY 10595 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |

| TOTAL NO. OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | CASE TYPE | | |
|---|---|---|---|
| ☐ $25,000 or Less<br>☒ Over $25,000 | ☐ Motor Vehicle<br>☐ Medical Malpractice<br>☐ Other Professional Liability<br>☐ Product Liability<br>☒ Other  Insurance | ☐ Mortgage Foreclosure<br>☐ Ejectment<br>☐ Statutory Appeals<br>☐ Quiet Title | ☐ Partition<br>☐ Declaratory Judgment<br>☐ Replevin<br>☐ Asbestos<br>☐ Domestic Relations<br> ☐ Divorce<br> ☐ Custody |

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: (or Pro Se Litigant)
Papers may be served at the address set forth below

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY (OR PRO SE LITIGANT) | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Matthew T. Pisano, Esquire - Pisano Law Firm | Eight Penn Center<br>1628 John F. Kennedy Blvd., Ste. 1002<br>Philadelphia, PA 19103 |

| PHONE NUMBER | FAX NUMBER | EMAIL ADDRESS |
|---|---|---|
| (215) 965-8221 | (215) 965-8206 | mpisano@pisanolawfirm.com; jzalut@pisanolawfirm.com |

| SIGNATURE | SUPREME COURT IDENTIFICATION NO. | DATE |
|---|---|---|
| /s/ | No. 84261 | 1/24/24 |

**PISANO LAW FIRM**
By: Matthew T. Pisano, Esquire
mpisano@pisanolawfirm.com
Identification No. 84261
1628 John F. Kennedy Boulevard
Eight Penn Center, Suite 1002
Philadelphia, PA 19103
(215) 965-8221 *phone*
(215) 965-8206 *fax*

Attorney for Plaintiff
PGT Trucking, Inc.

| | |
|---|---|
| PGT TRUCKING, INC.<br>Plaintiff | PENNSYLVANIA COURT OF COMMON PLEAS, BEAVER COUNTY |
| v. | CASE NO. |
| USI SOUTHWEST, INC.<br>Defendant | ***JURY TRIAL DEMANDED*** |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

**LAWYER REFERRAL SERVICE
THE BEAVER COUNTY BAR ASSOCIATION
788 TURNPIKE STREET
BEAVER, PA 15009
724-728-4888**
https://bcba-pa.org/lawyer-referral-service/

**PISANO LAW FIRM**
By: Matthew T. Pisano, Esquire
mpisano@pisanolawfirm.com
Identification No. 84261
1628 John F. Kennedy Boulevard
Eight Penn Center, Suite 1002
Philadelphia, PA 19103
(215) 965-8221 *phone*
(215) 965-8206 *fax*

Attorney for Plaintiff
PGT Trucking, Inc.

| PGT TRUCKING, INC.<br>Plaintiff | : | PENNSYLVANIA COURT OF COMMON PLEAS, BEAVER COUNTY |
|---|---|---|
| v. | : | CASE NO. |
| USI SOUTHWEST, INC.<br>Defendant | : | ***JURY TRIAL DEMANDED*** |

## COMPLAINT IN CIVIL ACTION

COMES NOW Plaintiff, PGT Trucking, Inc. ("Plaintiff"), by and through its attorneys Pisano Law Firm, and sets forth this Complaint against USI Southwest ("Defendant"), averring as follows:

1. Plaintiff is a Pennsylvania corporation with its principal place of business in Aliquippa, Pennsylvania.

2. Defendant is a Texas corporation, registered to conduct business in Pennsylvania, with its principal place of business in Valhalla, New York.

3. Jurisdiction is properly found in Beaver County, Pennsylvania. This Court has jurisdiction over Defendant pursuant to 42 Pa. Cons. Stat. §5301(a)(2). Further, at all times

relevant, Plaintiff, while present in Beaver County, Pennsylvania, secured coverages through a series of communications with the employees, agents and/or servants of Defendant.

4. In May, 2017, Plaintiff made Defendant its sole and exclusive Agent/Broker of Record in all matters related to its excess/umbrella insurance program with CRC Insurance Services, authorizing representatives of Defendant to negotiate on Plaintiff's behalf.

5. Defendant is and was aware of Plaintiff's trucking and broker operations. Plaintiff requested and Defendant undertook the obligation to procure insurance coverage for Plaintiff's brokerage operation.

6. Defendant procured, and Plaintiff purchased, TBL1643-B02 from Evanston Insurance Company ("Evanston") which had a policy period of June 30, 2020 to June 30, 2021.

7. On June 1, 2021, Lora Schumer and Nina Marshall were involved in a motor vehicle accident in Cape Girardeau, Missouri.

8. Ms. Schumer and Ms. Marshall both brought causes of action ("the Lawsuits") against Plaintiff, along with other defendants, for alleged injuries arising out of the subject incident. The Lawsuits were filed in the 32nd Judicial Circuit, Cape Girardeau County, Missouri with Ms. Schumer's lawsuit assigned number 22CG-CC00195 and Ms. Marshall's lawsuit assigned number 22CG-00245.

9. In a coverage position letter dated November 15, 2022, Evanston advised Defendant that Evanston does not have a duty to defend or indemnify Plaintiff for the Lawsuits due to Plaintiff's incorrect classification as a "motor carrier" on the subject Bill of Lading. Evanston pointed to Exclusion 12 in its denial of coverage, stating in its May 18, 2023 letter that "Exclusion 12 applies to preclude coverage when, in part, PGT is acting as the 'motor carrier' (as defined) or when PGT is listed on the bill of lading or contract of carriage." In truth and actual

fact, Plaintiff assigned the load to an authorized motor carrier and was not a motor carrier with respect to the load involved in the accident. Additionally, Evanston stated that Exclusion 13 precludes coverage for any operations by or on behalf of PGT other than operations as a "transportation broker."

10. At all times, Plaintiff has maintained that coverage is appropriate under the as-issued Evanston policy.

11. Plaintiff has been required to pay, and continues to incur, its legal fees in defending the Lawsuits in Missouri as well as to bring the present action in Pennsylvania.

12. While Plaintiff maintains that Evanston should provide for its defense and indemnification, whether or not a court of law finds that Evanston extends coverage for the June 1, 2021 loss, Plaintiff has been damaged because of Defendant's conduct, errors and omissions.

## COUNT I
*Breach of Contract*

13. The preceding paragraphs contained in this Complaint are incorporated herein by reference as though more fully set forth.

14. Defendant promised Plaintiff that it would obtain proper insurance coverage that would cover its brokerage operations.

15. Plaintiff paid Defendant an agreed upon amount to perform the service of securing it insurance that would cover its brokerage operations.

16. Defendant procured an insurance agreement from Evanston which excluded the exact coverage requested and needed to cover Plaintiff's brokerage operations.

17. Defendant failed to fulfill its part of the bargain and breached its agreement with Plaintiff, causing as a direct proximate result the following injuries and consequential damages:

3

(a) Evanston has denied coverage for the June 1, 2021 loss, which has caused Plaintiff to pay for its own defense counsel in the Lawsuits as well as in bringing the present action;

(b) Plaintiff did not receive the coverage that was appropriate and that it requested;

(c) In the event that Plaintiff is found liable for damages in the Lawsuits, Plaintiff will be deprived of proper coverage despite having engaged Defendant to procure proper insurance coverage for its brokerage operations; and

(d) Plaintiff has incurred and continues to incur costs and expenses defending itself in the underlying Lawsuit.

**WHEREFORE**, in consideration of the foregoing, Plaintiff demands that judgment be entered in its favor and against Defendant in an amount in excess of Twenty- Five Thousand ($25,000.00) Dollars exclusive of interest and costs of suit plus costs, fees and treble damages and such other amounts deemed just and equitable by this Honorable Court.

## COUNT II
*Common Law Negligence*

18. The preceding paragraphs contained in this Complaint are incorporated herein by reference as though more fully set forth.

19. In addition to Defendant's contractual obligations set forth above, Defendant agreed and was otherwise obligated to perform its services for Plaintiff in compliance with all laws, including Pennsylvania common law.

20. Under Pennsylvania law, Defendant owed a duty to Plaintiff to obtain the coverage that a reasonably prudent professional insurance broker would have obtained under the circumstances.

21. Defendant breached its duty owed to Plaintiff by failing to obtain proper insurance coverage as described in paragraphs four through six and paragraph nine above.

4

22. Defendant negligently failed to procure the requested insurance coverage, causing as a direct proximate result the following injuries and consequential damages:

(a) Evanston has denied coverage for the June 1, 2021 loss, which has caused Plaintiff to pay for its own defense counsel in the Lawsuits as well as in bringing the present action;

(b) Plaintiff did not receive the coverage that was appropriate and that it requested;

(c) In the event that Plaintiff is found liable for damages in the Lawsuits, Plaintiff will be deprived of proper coverage despite having engaged Defendant to procure proper insurance coverage for its brokerage operations;

(d) Plaintiff has incurred and continues to incur costs and fees related to its defense in the underlying Lawsuit.

**WHEREFORE**, in consideration of the foregoing, Plaintiff demands that judgment be entered in its favor and against Defendant in an amount in excess of Twenty- Five Thousand ($25,000.00) Dollars exclusive of interest and costs of suit plus costs, fees and treble damages and such other amounts deemed just and equitable by this Honorable Court.

## COUNT III
*Violation Of Pennsylvania Unfair Trade Practices And Consumer Protection Act 73 P.S. § 201, Et Seq*

24. The preceding paragraphs contained in this Complaint are incorporated herein by reference as though more fully set forth.

25. Defendant has violated 73 P.S. §§ 201 et seq., known as the Pennsylvania Unfair Trade Practices and Consumer Protection Act.

26. Defendant did engage in fraudulent or deceptive conduct which includes a likelihood of confusion or of misunderstanding in the insurance procurement, negotiation and sale to the determinant of the Plaintiff.

27. As a direct result of the Defendant's breach of said Act, Plaintiff aver they have suffered damages to include costs and fees incurred and continued to be incurred, in defense of the underlying as well as potential indemnity, settlement and/or judgment costs.

28. Said Act at Section 201-9.2 allows for recovery in a private action of an amount up to three times the actual damages, such additional relief as the Court deems necessary or proper, and costs and reasonable attorney's fees.

**WHEREFORE**, in consideration of the foregoing, Plaintiff demands that judgment be entered in its favor and against Defendant in an amount in excess of Twenty- Five Thousand ($25,000.00) Dollars exclusive of interest and costs of suit plus costs, fees and treble damages and such other amounts deemed just and equitable by this Honorable Court.

**PISANO LAW FIRM**

By: _____
Matthew T. Pisano, Esquire
Attorneys for Plaintiff
PGT Trucking, Inc.

Dated: January 24, 2024

## VERIFICATION

The undersigned, subject to the penalties relating to unsworn falsification to authorities, state the attached documents are submitted in support of Plaintiff's Complaint and that to the best of my knowledge, information and belief they contain true and correct statements.

PISANO LAW FIRM

By: _____
Matthew T. Pisano, Esquire
Attorneys for Plaintiff
PGT Trucking, Inc.

Dated: January 24, 2024

## CERTIFICATION OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

PISANO LAW FIRM

By: _____
Matthew T. Pisano, Esquire
Attorneys for Plaintiff
PGT Trucking, Inc.

Dated: January 24, 2024