**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PGT TRUCKING, INC. | : | |
| Plaintiff(s) | : | |
| | : | |
| v. | : | CASE NO. 2:24-CV-00248-DSC |
| | : | |
| USI SOUTHWEST, INC. | : | |
| Defendant(s) | : | |

**PLAINTIFF PGT TRUCKING INC.'S MEMORANDUM OF LAW IN RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**I.      PRELIMINARY STATEMENT**

Plaintiff's fact specific Complaint, when viewed in the required light most favorable to Plaintiff, asserts cognizable causes of action under Counts I and II requiring denial of this application.  Plaintiff concedes dismissal of Count III is warranted.

**II.     FACTS AND PROCEDURAL HISTORY**

On January 29, 2024 Plaintiff PGT Trucking, Inc. ("PGT") filed a Complaint against the Defendant USI Southwest Inc. ("USI") in the Pennsylvania Court of Common Pleas for Beaver County asserting the following causes of action: Count I – Breach of Contract, Count II- Negligence; and, Count III – Violation Pennsylvania Unfair Trade Practices and Consumer Protection Law.  A copy of Plaintiff's Complaint is attached as Exhibit "A."  Plaintiff's claims stem from the Defendant's failed brokerage and procurement of an insurance policy purchased by Plaintiff from Evanston Insurance Company that does/did not cover an underlying loss. Id.

On February 28, 2024 Defendant timely removed the matter to this Honorable Court.  See [Document 1].  Defendant now seek to dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff responds and opposes as related to Count I and II.

## III. LEGAL ARGUMENT

### A. <u>Standard of Review- Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)</u>

On a motion to dismiss, a court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." <u>Umland v. PLANCO Fin. Servs., Inc.</u>, 542 F.3d 59, 64 (3d Cir. 2008). A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d. Cir. 1993). A Fed. R. Civ. P 12(b)(6) motion requires the district court to conduct a three-part analysis. See <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "take note of the elements a plaintiff must plead to state a claim." <u>Id</u>. (quoting <u>Ashcroft v. Iqbal</u>, 56 U.S. 662, 675 (2009)). **Next, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff** but while disregarding any conclusory legal allegations. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d. Cir. 2009)(emphasis added). Third, the court must determine whether the "facts are sufficient to show that plaintiff has a "plausible claim for relief." <u>Id</u>. at 211 (quoting <u>Iqbal</u>, 556 U.S. at 679). A plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." <u>Connolly v. Lane Constr. Corp.</u>, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss"). The proper place to resolve factual disputes is not on a motion to dismiss, but on a motion for summary judgment. See <u>Flora v. Cnty. of Luzerne</u>, 776 F.3d 169, 175–76 & n.9 (3d Cir. 2015). The Court is also vested with power to permit amendment which should be "granted freely when justice so requires." Fed. R. Civ. P. 15(a)(2).

**B.**      <u>**Count I asserts a viable Breach of Contract claim under Pennsylvania law**</u>

Under Pennsylvania law, an insurance broker such as Movant, who violates its duty to its principal is liable for breach of contract. <u>Consolidated Sun Ray, Inc. v. Lea</u> 401 F.2d 650, 657 (3d Cir.1968). An insurance broker is liable to its client if the broker "does not follow instructions, or if the policy is void or materially defective through the agent's fault." <u>Laventhol & Horwath v. Dependable Ins. Associates, Inc.</u>, 579 A.2d 388, 391 (Pa. Super. 1990).

The gravamen of Defendant's argument is that USI procured brokerage coverage as evidenced by the insurer, Evanston confirming same, irrespective of Evanston then enforcing a policy exclusion since PGT was also listed as the "shipper" on the Bill of Lading. See Movant's Brief at page 5 Section A. However, Plaintiff's Complaint specifically pleads that USI "is and was aware of Plaintiff's <u>trucking and broker operations</u>. Plaintiff requested and Defendant undertook the obligation to procure insurance coverage for Plaintiff's brokerage operation." See Exhibit "A" at paragraph 5 (emphasis added). As such USI knew, or should have known, about Plaintiff's on-going dual business operations as both broker and/or motor carrier and breached the contract to procure the appropriate coverage without exclusion(s).

A breach-of-contract claim requires: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." <u>CoreStates Bank, N.A. v. Cutillo</u>, 723 A.2d 1053, 1058 (Pa. Super. 1999). Here, Plaintiff has pled an oral agreement defining USI's duties of not only procuring insurance coverage but doing so with the protective safeguards given the duality of PGT Trucking's other business operations as both broker and motor carrier/shipper.[1] See Exhibit "A" at paragraphs 4 and 5.

Defendant's argument that Plaintiff's claims cannot survive because the insured (PGT) has an obligation to question the insurer (Evaston) about the coverage fails to recognize a dispositive

---

[1] It is specifically denied PGT Trucking, Inc. acted as the "shipper" in the underlying matter.

fact when relying on <u>Berardi v. USAA Gen. Indem. Co</u>., 2023 WL 4418219 (3rd. Cir. July 10, 2023).  In <u>Berardi</u>, the plaintiffs were insureds having direct dealing with the insurer.  In contrast, USI was retained by PGT to service PGT's interests under direct and specific instruction which they are alleged to have failed to do.  In other words, PGT did not have direct dealing with Evanston but rather contracted USI for that task and that alleged breach should survive this motion.  Count I asserts a claim upon which relief can be granted.

**C.**      **<u>There are questions of fact in favor of a cause of action under Count II-Negligence</u>**

Insurance brokers face liability if "they fail to exercise the care that a reasonably prudent businessman in the brokerage field would exercise under similar circumstances and if the broker fails to exercise such care and if such care is the direct cause of loss to his customer." <u>Al's Cafe, Inc. v. Sanders Ins. Agency</u>, 820 A.2d 745, 750 (Pa. Super. 2003).  Plaintiff has averred that it requested coverage for certain broker business activities to be procured by USI while USI knew the duality of Plaintiff's business operations.  It is uncontroverted the <u>requested</u> coverage was not provided based on Evanston's underlying denial.  These allegations have been found sufficient under Pennsylvania law and in denial of a Motion to Dismiss under Fed. R. Civ. P. 12 (b)(6) to state a plausible claim for negligence.  See <u>Allegrino v. Conway E & S, Inc.</u>, 2010 WL 3943939 (W.D. Pa. Oct. 6, 2010).  The same result is appropriate in the matter at bar.

In addition, a "plaintiff acquires a cause of action against its broker ... where the broker neglects to procure insurance, <u>or does not follow instructions</u>" from a client, "or if the policy is void or materially defective through the agent's fault." <u>Laventhol & Horwath v. Dependable Ins. Assoc., Inc.</u>, 579 A.2d 388, 391 (Pa.Super. 1990)(emphasis added).  The duty of care owed is to obtain the coverage that a reasonably prudent professional would have obtained under the circumstances. <u>Northwestern Mut. Life Ins. Co. v. Babayan,</u> 2004 WL 1902516 (E.D.Pa. Aug.25, 2004).  Given the specific allegations at paragraphs 4 and 5 of the Complaint that duality of operations existed

within in PGT and that specific <u>coverage instructions were provided;</u> and, in light of the liberal deference to the Plaintiff at this early stage, a cause of action under Count II must survive as a matter of law.

### D.  <u>Plaintiff's concedes dismissal of Count III</u>

Plaintiff concedes commercial/business operations under the germane facts alleged and to be discovered through the course of this litigation.  As such, Count III of the Complaint is not viable under Pennsylvania law and can be dismissed by this Honorable Court.

## IV.  CONCLUSION

A Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is to be liberally construed in favor of the Plaintiff's Complaint.  Plaintiff has pled articulable causes of action for breach of contract and negligence requiring partial denial of Defendant's Motion at this early stage.  In the alternative, Plaintiff should be granted leave to amend any procedural shortcoming in accord with Fed. R. Civ. P. 15(a)(2).

<b>PISANO LAW FIRM</b>

By:    /s/ *Matthew T. Pisano*
       Matthew T. Pisano, Esquire
       Attorney for Plaintiff
       PGT Trucking, Inc.

Date:  April 4, 2024