IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| PGT TRUCKING, INC. | * | CIVIL ACTION - LAW |
|---|---|---|
| Plaintiff | * | |
| v. | * | JUDGE: David S. Cercone |
| USI SOUTHWEST, INC. | * | |
| Defendant | * | NO: 2:24-cv-00248-DSC |

**DEFENDANT USI SOUTHWEST, INC.'S REPLY BRIEF TO PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO THE MOTION TO DISMISS**

NOW COMES the Defendant to this matter, USI Southwest, Inc., ("USI") through counsel Winget Spadafora & Schwartzberg, LLP, and hereby files the instant Reply Brief to Plaintiff's Memorandum of Law in Response to the Motion to Dismiss ("Response").

I. **ARGUMENT**

(A) **Plaintiff's Unpled Allegations Must not be Considered**

In its Response, Plaintiff alleges for the first time that USI had a duty to obtain motor carrier insurance coverage because it was aware that Plaintiff engaged in such activity, although USI was not instructed to procure motor carrier coverage. However, this new claim is not pled in the Complaint and as an unpled allegation it must not be considered by the Court in its decision regarding USI's Motion to Dismiss.

In connection with this new unpled allegation Plaintiff claims in its Response the following:

- … Plaintiff's Complaint specifically pleads that USI is and was aware of Plaintiff's trucking and brokerage operations. [Doc. 13, p. 4]

- Plaintiff requested and Defendant undertook the obligation to procure insurance coverage for Plaintiff's brokerage operation. [Doc. 13, p. 3]

1

- ... USI, knew or should have known, about Plaintiff's ongoing dual business operations as both broker and/or motor carrier and breached the contract to procure the appropriate coverage without exclusion. [Doc. 13, p. 3]

- Plaintiff has pled an oral agreement defining USI's duties of not only procuring insurance coverage but doing so with the protective safeguards given the duality of PGT Trucking's other business operations as both broker and motor carrier/shipper. [Doc. 13 p. 3]

- USI owed a duty of care to obtain the coverage that a reasonably prudent professional would have obtained under the circumstances. [Doc. 13 p. 4.]

- ... USI was retained by PGT to service PGT's interests under direct and specific instruction which they are alleged to have failed to do. [Doc. 13, p. 4]

Although Plaintiff admits the Complaint alleges that USI was only instructed to obtain insurance coverage for its brokerage operations it now apparently alleges for the first time that USI should also have obtained insurance coverage for its trucking/motor carrier operations since it was aware that Plaintiff engaged in both brokerage and trucking/motor carrier operations. In its Response Plaintiff claims in that USI had a duty to procure insurance coverage but doing so with the protective safeguards given the duality of PGT Trucking's other business operations as both broker and motor carrier/shipper. Plaintiff asserts that USI owed a duty of care to obtain motor carrier/shipper insurance coverage since a reasonably prudent professional would have obtained such coverage under the circumstances.

However, nowhere in Plaintiff's complaint does it allege that USI should have unilaterally obtained insurance coverage for Plaintiff's trucking/motor carrier operation without an instruction from Plaintiff to obtain such coverage simply because USI "knew or should have known" that Plaintiff also engaged in that operation. Furthermore, the Complaint does not allege in paragraph four (4) and five (5) that USI had a duty to procure insurance coverage with the protective safeguard given the duality of PGT Trucking's other business operations as both broker and motor carrier/shipper. Plaintiff only alleges in paragraph five (5) of the Complaint that "Plaintiff

requested and Defendant undertook the obligation to procure insurance coverage for Plaintiff's brokerage operation".

In fact, Plaintiff alleges in support of its Breach of Contract Claim that "[p]laintiff paid Defendant an agreed upon amount to perform the service of securing it insurance that would cover its brokerage operation." (See Complaint at ¶ 15.) Since Plaintiff's Complaint does not allege that USI failed to obtain trucking/motor carrier insurance simply because it may have known that PGT engaged in that operation, even though it was not asked to get such coverage, any such assertion contained only in the Response must not be considered by the Court in ruling on USI's Motion to Dismiss.

### (B) USI did not Breach a Duty Owed to Plaintiff

As set forth in Plaintiff's Memorandum of Law in Response to the Motion to Dismiss, " **…the court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff…**" [Doc. 13, p. 2] Therefore, the Court must only consider pleaded factual allegations but not allegations which are not pled in the Complaint. Plaintiff's new assertion that USI should have unilaterally and without instruction by the Plaintiff obtained insurance coverage for its trucking/motor carrier operations is not pled in the Complaint and must be not be accepted or considered by the Court in deciding USI's motion to dismiss. Plaintiff's only pled allegation against USI is that it was requested to obtain insurance coverage for its brokerage operation, and it's undisputed that USI obtained such coverage as per the specific instruction of Plaintiff.

The parties agree that an insurance broker has a duty to follow the instructions of its client and may be liable for its failure to follow such instruction. See Laventhol & Horwath v. Dependable Ins. Associates, Inc. 579 A.2d 388, 391 (Pa. Super. 1990). In the instant matter, as

3

pled, the only instruction received by USI from Plaintiff was to obtain insurance coverage for its brokerage operation which USI undisputedly did. Since USI obtained the proper insurance coverage as per the instruction of Plaintiff it was not negligent nor did it breach any contractual duty owed to Plaintiff.

### (C) Plaintiff Had Motor Carrier/Shipper Insurance Procured by a Different Agent

If the Court were to consider Plaintiff's unpled allegation that USI had a duty to obtain motor carrier/shipper insurance coverage simply because USI was aware of the duality of Plaintiff's operations, then USI submits that Plaintiff had such coverage through a different insurance agent for the applicable policy period. Plaintiff retained the Marsh McLennan Insurance Agency ("Marsh") to obtain a motor carrier policy of insurance for policy year June 30, 2020, to June 2021. Marsh procured this insurance policy for Plaintiff from Great Western Casualty Company. (See Exhibit "A", Plaintiff's Motor Carrier Insurance Policy Declaration Page.) Great Western issued the motor carrier policy, number xxxx227A, for the policy period June 30, 2020, to June 30, 2021, and the agent on the policy is Marsh. (See Exhibit "A".)

The automobile accident which caused Plaintiff's claim for insurance coverage in this matter occurred on June 1, 2021. This claim arose within the policy period of Plaintiff's motor carrier insurance policy with Great Western. Therefore, Plaintiff had motor carrier insurance in force at the time of the underlying claim, which was obtained by a different insurance agent. Plaintiff may not seek to attempt to hold USI liable for failing to obtain motor carrier insurance coverage when it obtained such coverage from a different agent.

## II. CONCLUSION

For the foregoing reasons, USI respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**WINGET, SPADAFORA & SCHWARTZBERG LLP**

By:   /s/ Denis Dice
      Denis Dice, Esq.
      Douglas Fogle, Esq.
      1528 Walnut Street, Suite 1502
      Philadelphia, PA 19102
      Phone: (215) 433-1500
      Fax: (215) 433-1501
      Dice.d@wssllp.com
      Fogle.d@wssllp.com
      Attorneys for Defendant,

Dated: April 16, 2024       USI Southwest, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned further certifies that a true copy of the foregoing was served on all parties of record via PACER ECF or through email.

                                            /s/ *Denis C. Dice*
                                            Denis C. Dice, Esq.
                                            *Counsel for Defendant USI Southwest, Inc.*