IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PGT TRUCKING, INC., )
                                                            )
                    Plaintiff, )
                                                            )
v.                                     )        2:24cv248
                                                            )    **Electronic Filing**
USI SOUTHWEST, INC., )
                                                            )
                    Defendant. )

## MEMORANDUM

PGT Trucking, Inc., ("plaintiff"), commenced this action against USI Southwest, Inc., ("defendant"), seeking redress for the alleged failure to secure adequate insurance coverage as requested.  Plaintiff advances claims for breach of contract, negligence and a violation of Pennsylvania's Unfair Trade Practice and Consumer Protection Law.[1]  Presently before the court is defendant's motion to dismiss.  For the following, defendant's motion will be granted in part and denied in part.

In Pennsylvania, insurance brokers owe a duty of care to the insured.  That duty requires the broker to obtain coverage that a reasonably prudent professional insurance agent would have obtained under the circumstances.  Northwestern Mut. Life Ins. Co. v. Babayan, 2004 WL 1902516 at * 20 (E.D. Pa. Aug. 25, 2004).  A reasonably prudent professional insurance agent is expected "to properly assess the stated goals of an insured and locate a policy with provisions that will match the same, and if the policy does not, to clearly state the shortfall of the policy to the insureds."  Decker v. Nationwide Mut. Ins. Co., 2007 WL 4698041, 1 Pa. D. & C. 5th 147, 181 (Pa. Com. Pl. Apr. 16, 2007).

---

[1] Plaintiff has withdrawn its claim under Pennsylvania's Consumer Protection Law.

Here, defendant places much stock in the proposition that it procured the specific coverage that plaintiff had requested and argues that plaintiff did not adequately question and review the coverage it received.  This is unavailing.

Plaintiff's claims arise from the fact that it has been denied coverage when it was acting in the very capacity for which it engaged defendant to procure coverage.  What's more, plaintiff seeks to establish that defendant did not procure coverage that protected it from exposure due to an erroneous third-party designation indicating it was acting as a motor carrier, when in fact it was acting as a transportation broker, and thus it was left without coverage under either of its two policies of available coverage.  And given that plaintiff carried on business in both capacities and had coverage for both, and the insurance defendant did procure did not afford coverage for a mistaken designation by third-parties, which appears to be a reasonably foreseeable event, plaintiff has raised a plausible basis to support a finding that as an insurance broker, defendant fell short in properly inquiring and explaining the coverage needed to meet the insured's stated goals under the attendant circumstances.[2]

As such, defendant's motion to dismiss will be denied as to counts one and two.  An appropriate order will follow.

Date: June 26, 2026

> s/David Stewart Cercone
> David Stewart Cercone
> Senior United States District Judge

cc:     Matthew T. Pisano, Esquire
        Denis C. Dice, Esquire
        Douglas Fogle, Esquire

---

[2] In addition to the parties' pleadings and briefs, this court has taken judicial notice of Judge Sanchez's opinion of February 25, 2025, in PGT Trucking, Inc., v. Evanston Insurance Co., Civ. No. 24-4503, Doc. No. 24 (E.D. Pa. Feb. 24, 2025).

(*Via CM/ECF Electronic Mail*)